1  PAUL ALAN LEVY
   (pro hac vice)
2  PUBLIC CITIZEN LITIGATION GROUP
   1600 20th Street NW
3  Washington, D.C. 20009
   Telephone: (202) 588-7725
4  plevy@citizen.org
5
   PHILLIP R. MALONE
6  California Bar No. 163969
   JUELSGAARD INTELLECTUAL PROPERTY
7    AND INNOVATION CLINIC
   Mills Legal Clinic at Stanford Law School
8  Crown Quadrangle, 559 Nathan Abbott Way
   Stanford, California 94305-8610
9  Telephone: (650) 724-1900
   Facsimile: (650) 725-0253
10 pmalone@stanford.edu
11
12 Attorneys for Mockingbird Foundation, Inc.,
   Plaintiff
13

14               **UNITED STATES DISTRICT COURT**
                 **NORTHERN DISTRICT OF CALIFORNIA**
15                    **(San Francisco Division)**

16 THE MOCKINGBIRD FOUNDATION, INC.,        )
                                            )
17            Plaintiff,                     )    **Civil Action No.  3:19-cv-05671-RS**
                                            )
18        v.                                 )    **FIRST AMENDED COMPLAINT**
                                            )    **FOR DECLARATORY RELIEF**
19 QUANG-TUAN LUONG,                        )
                                            )
20            Defendant.                     )
                                            )
21

22 **NATURE OF THE ACTION**

23      1.  This action for declaratory relief is brought against defendant Quang-Tuan Luong.  In

24 2004, defendant took a photograph of mountains in Grand Teton National Park; he placed the

25 photograph on his photography studio's web site, terragalleria.com.

26      2.  In 2016, a user of a discussion forum maintained at Phish.net by plaintiff, The

27 Mockingbird Foundation, Inc., posted a deeplink to the Grand Teton photograph as it appeared on

28 www.terragalleria.com.

3.  Beginning in March, 2019, counsel for defendant sent plaintiff several demand letters accusing plaintiff of copyright infringement, threatening to sue plaintiff for such infringement, and demanding that plaintiff pay thousands of dollars to avoid having such a lawsuit filed.   In July, 2019, defendant's counsel sent plaintiff's executive director a draft complaint that counsel said would be filed against the executive director personally if plaintiff did not pay.

4.  Plaintiff was not aware of the posting until it received complaints from counsel for defendant in 2019.  After the demand letter alerted plaintiff to the posting, it removed the link to the photograph from its forum, and also explained to defendant's counsel that it had been a third-party Phish.net forum user who posted the Terra Galleries link on the forum, without the plaintiff's knowledge or involvement, and hence plaintiff was not liable for copyright infringement.

5.  Despite this, defendant persisted in his claim that plaintiff has infringed defendant's copyright and in his demands for payment, repeatedly threatening to file suit if payments were not made promptly.

6.  Accordingly, plaintiff now asks the Court for a judgment declaring that it is not liable for copyright infringement.

**PARTIES**

7.  Plaintiff The Mockingbird Foundation, Inc., is a non-profit corporation based in California.

8.  Defendant Quang-Tuan Luong is a photographer who lives in San Jose, California.

**JURISDICTION AND VENUE**

9.  A definite, substantial and concrete controversy exists within this Court's jurisdiction between the parties concerning plaintiff's and defendant's rights under the United States Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"). Defendant, through counsel, has expressed an intention to commence litigation against plaintiff over plaintiff's alleged infringement of the copyright in one of defendant's photographs.

10.  This is an action for declaratory judgment arising under the Copyright Act and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

11.  This Court has personal jurisdiction over the defendant because he lives in San Jose, California; because he used a California lawyer to send demand letters to plaintiff, threatening to sue it for copyright infringement; and because he demanded that plaintiff enter into a settlement agreement designating California law as the governing law and courts in California as the required forum for any disputes.

12.  Venue is proper in this Court under 28 U.S.C. § 1391 because defendant lives in this district and because a substantial part of the events giving rise to the cause of action — namely, the alleged infringement of defendant's copyright — occurred in this district, pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL BACKGROUND**

13.  Plaintiff The Mockingbird Foundation, Inc., is a non-profit corporation, staffed entirely by volunteers and based at the home of its executive director in Moorpark, California.  It was founded in 1996 by fans of the band Phish to raise funds through various Phish-related projects to benefit music education programs for children and young adults nationwide.  In addition to its own web site at www.mbird.org/, it operates a web site at Phish.net, which is devoted to compiling and preserving information about Phish's music and history; it also includes a forum for Phish fans to discuss music and other topics, at forum.phish.net.

14.  The discussion forum is organized into many separate threads, each of which contains multiple posts by users of the Phish.net web site. At the close of August 2019, there were nearly 180,000 separate discussion threads on the forum, comprised of over 4.3 million individual posts, from over 16,000 users.

15. In 2017, a forum user who was considering a move to Idaho started a new thread asking about whether that was a good place to live.  A forum user who lived in Idaho responded by mentioning various parks in or near Idaho, including the Grand Teton National Park, and by providing deeplinks to photographs of those parks.  Among the photographs to which one deeplink pointed was a photograph taken by defendant Luong; the deeplink was to the photograph as it appears on Luong's own Terra Galleria web site.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF -- Case No. 3:19-cv-05671

16.  A deeplink is a hyperlink to another web site, not affiliated with Phish.net or its forum, where defendant's photographs are displayed. The link allows viewers of the forum to see the photograph within the forum by "pulling" the image directly from the non-Phish.net server where it is hosted so that it is displayed to the viewers' personal devices.   Hence, the embedded hyperlink, posted in 2017, allowed viewers of the discussion to see the Grand Teton photograph on their own personal devices; no copy of the defendant's photograph was ever posted, hosted, or maintained on the server for the Phish.net forum.

17.  Plaintiff did not post this link, and it was unaware both of the link and of this particular discussion until defendant's counsel wrote to it in 2019 about the photograph.

18.  Plaintiff did not encourage or participate in any way in the placement of the hyperlink to defendant's photograph in the discussion thread, and has derived no financial benefit from the posting.

19.  On information and belief, the Grand Teton photograph was taken by Quang-Tuan Luong in 2004.

20.  On information and belief, Luong authorized the placement of the Grand Teton photograph on the Terra Galleria web site.

21.  Simple technical measures enable the owner of a web site to prevent Internet users from seeing content posted on that web site via a deeplink on other web sites. However, Luong did not employ such measures to prevent the deeplinking of the Grand Teton photograph.

**DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY**

22.   By letters dated March 21, 2019, and  May 7, 2019, and an email dated April 8, 2019, referring to a letter dated April 1, 2019 (which plaintiff has never received), defendant's attorney Mathew Higbee contended that plaintiff was infringing defendant's copyright because the Grand Teton photograph had been "identified on PHISH.NET website(s) [sic]," and demanded payment of $2,500. The March and May letters did not specify any license fee that defendant typically charges for the photograph or his other works. The letters demanded that plaintiff contact Mr. Higbee's firm to negotiate an alternative settlement, but warned that unless plaintiff "cooperat[ed]" by either paying the demanded amount or putting forward a counteroffer, "our only option is to litigate the

matter, which we frequenlty [sic] do, so please do not make the mistake of ignoring this." The letter further warned that in the event of litigation, defendant "will ask for the maximum justifiable damages," that "the demand amount will likely quadruple or more," and that plaintiff "will likely also have to pay attorneys [sic] fees." The letters are attached as Exhibit A.

23.  Accompanying the March 21, 2019, letter was a draft settlement agreement that included a California forum selection clause and a California choice of law provision.  The draft agreement is attached as Exhibit B.

24.  By email dated April 8, 2019, plaintiff's executive director wrote to Mr. Higbee, telling him that the site Phish.net was operated by plaintiff, that the post containing the link to the image had been posted by a forum user and not by plaintiff, without the plaintiff's knowledge or involvement, and that plaintiff was represented by counsel, whose email addresses were provided in the email.

25.  Despite the fact that plaintiff had notified him that it was represented by counsel, defendant's counsel sent the second letter on this subject, dated May 7, 2019, directly to plaintiff.

26.   After receiving the May 7 letter, plaintiff removed the deeplink to defendant's Grand Teton photograph from the discussion on the forum.

27.  However, in the ensuing days, an employee of the Higbee law firm sent several emails directly to plaintiff's executive director, demanding payment and threatening to refer the matter to her firm's litigation team.

28.  By a May 13, 2019, letter from its counsel, plaintiff notified the Higbee firm that it operates the Phish.net site and had removed the deeplink to the image. Plaintiff further explained that the photo was not on the Phish.net web site, but rather that a member of the Phish.net forum had placed a deeplink to the photo on Luong's own web site.

29.  On July 7, 2019, despite the fact that plaintiff had already replied through counsel, defendant's counsel Mathew Higbee, the principal attorney in the Higbee firm, wrote a third letter directly to Mockingbird's executive director, threatening to file suit against him personally, and attaching a draft complaint to be filed in the Central District of California.  A copy of that letter and draft complaint is attached as Exhibit C.

30.  Prior to the filing of plaintiff's initial complaint in this case on September 9, 2019, defendant had not withdrawn his threat to sue for copyright infringement. Only after this litigation commenced, first in an October 21, 2019, phone call, and then in a November 1, 2019, email to plaintiff's counsel, did defendant's counsel assert that his client had decided to "close" the claim against plaintiff for this particular Grand Teton photograph sometime after July 10, 2019. However, neither defendant or defendant's counsel provided any notice to plaintiff prior to October 21 of this alleged decision not to proceed with litigation.

31.  In the November 1 email, defendant's counsel offered a license for the use of the specific photograph subject to deeplinks on Mockingbird Foundation's forum, as described above. However, defendant's counsel also advised that defendant believes he has a valid claim for infringement against the plaintiff whenever a deeplink to one of defendant's photographs appears on a forum that plaintiff hosts, and that such a claim can be made whenever such a deeplink occurs in the future.

32.  On information and belief, the Higbee firm uses image search software to scour the Internet for photographs taken by its various clients, seeking to identify targets for demand letters. Plaintiff does not know and has no way of knowing whether any of the millions of user posts to the Phish.net forum contain links to any of defendant's photographs. Plaintiff also has no way of knowing if or when counsel for defendant will send it additional demands and litigation threats regarding posts on the forum that might include links to any of defendants' photographs.

33.  Plaintiff believes that any deeplinks that Phish.net users include in posts to the discussion site do not violate defendant's copyright, and in any case would not constitute infringement for which plaintiff would be responsible, and plaintiff desires to continue to allow forum users to use deeplinks to images related to their posts. However, given defendant's threats of litigation seeking damages, even after plaintiff removed the deeplink to defendant's photograph posted by a Phish.net forum user, plaintiff is compelled to bring this action to obtain a judicial declaration of non-infringement.

**CAUSE OF ACTION**

34.  A justiciable and actual controversy exists by way of defendant's credible threat of litigation seeking damages from the plaintiff.

35.  Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by defendant based on forum users posting deeplinks to the Phish.net discussion forum to any of defendants' photographs.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for relief against defendant as follows:

A.  Declare that the posting (or restoration thereof) to plaintiff's discussion forum of a deeplink to other web sites where any of defendants' photographs are displayed, which enables users of the discussion forum to view the photographs, was not and would not be copyright infringement;

B.  Declare that the forum users' posting (or restoration thereof) of deeplinks to other web sites where any of defendants' photographs are displayed was not and would not be infringement for which plaintiff is legally liable in the absence of plaintiff's volitional acts or direct financial benefit from the alleged infringement;

C. Award plaintiff's costs and attorney's fees against defendant as allowed by law; and

D. Grant such other or further relief as allowed by law and the Court deems appropriate.

DATED: November 11, 2019

PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, D.C. 20009

By:      /s/ Paul Alan Levy_____
(pro hac vice)
Telephone: (202) 588-7725
plevy@citizen.org


JUELSGAARD INTELLECTUAL PROPERTY AND INNOVATION CLINIC
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610

By:      /s/ Phillip R. Malone_____
California Bar No. 163969

Telephone: (650) 724-1900
Facsimile: (650) 725-0253
pmalone@stanford.edu

# EXHIBIT A

# Higbee & Associates
#### A NATIONAL LAW FIRM

March 21, 2019,
Re: Claim Number: 530995   FRE 408 Settlement Communication

Dear Sir or Madam,

Copyrighted work(s) owned by our client, Quang-Tuan Luong, were identified on The Mockingbird Foundation, Inc. website(s) (see attached screenshots). Unfortunately, we are unable to find any record of a license for such use. If you have a license, thank you for purchasing it. Please provide us the details at claims@higbeeassociates.com with the claim number (530995) included. Once we receive the license, we will close the claim and apologize for the brief intrusion.

Also, if you are a non-commercial entity (meaning you do not derive income from the website) or if you do not do business in the US, please simply let us know as you are probably receiving this letter in error.

Mr. Luong is an award-winning and best-selling photographer and author. His work has been used by dozens of the world's largest media companies and was even used as a US Postage Stamp. His living depends on people properly licensing his work. The unauthorized use of our client's work deprives them of income and causes them to incur substantial costs in detection and enforcement.

If The Mockingbird Foundation, Inc. does not have a license, we believe the use of the work is a violation of The Copyright Act, Title 17 of the United States Code. My client has no desire to put you through any of the following, but I have an obligation to caution you about the seriousness of the matter. If forced to go to court to resolve the matter, my client will ask for the maximum justifiable damages. My client may also ask the court to order The Mockingbird Foundation, Inc. to pay their attorneys fees and court costs. Copyright lawsuits can result in judgments, wage garnishments and liens on property. In some instances, the business owner can be held individually liable. Please see the enclosed relevant section of the law and sources of additional information.

Quang-Tuan Luong would prefer to resolve this matter outside of court and is willing to offer a complete release of all liability associated with this image for $2500. This offer is made based on rather limited information available to Quang-Tuan Luong.

If you think this amount is disproportionate to the facts, please provide us with details about how long you used the work, the size of your business, any other ways the work was used, and any other details you deem relevant. Also provide a counteroffer for us to provide to Quang-Tuan Luong. We can be reached by email at claims@higbeeassociates.com or by phone at 800-716-1245. You may also wish to have an attorney contact us.

The overwhelming majority of these types of claims get resolved in a fair and efficient manner. However, without your cooperation, our only option is to litigate the matter, which we frequently do, so please do not make the mistake of ignoring this. If this matter is litigated, the demand amount will likely quadruple or more, and then you will likely also have to pay attorneys fees. If you have general business liability insurance, you may wish to contact your provider.

**If we do not hear from you within 10 days, we will assume that you do not have a license and that you do not want to resolve this matter outside of court.**

If you wish to simply resolve this claim without contacting us, you can view details of the claim and make a payment at the URL provided.

To resolve this matter efficiently and amicably out of court, please follow these steps:

(1) Within five business days after receipt of this letter, remove all occurrences of the image from your website(s), cease using it in any way, and confirm in writing that you have done so.

**AND**

(2) Within seven business days after receipt of this letter, return to our firm the attached Release License, along with your payment in the form of a valid cashier's check or money order for **$2500** payable to **Higbee & Associates Client Trust Account**. This can be returned to us via US Mail. You can also pay over the phone or online at http://copyright.higbeeassociates.com/resolution. Your login is 530995. Your password is rgbhxirl. If you choose to make your payment online, you can return the Release License via email to claims@higbeeassociates.com. Please include the case number (530995) in the subject line.

Please feel free to call or email us to discuss this matter, 800-716-1245 or send an email to claims@higbeeassociates.com

Sincerely,

Mathew K. Higbee
Attorney at Law

Claim number: 530995                    Printed: March 21, 2019 10:46

## EXHIBIT A



## Infringing webpages:

- https://forum.phish.net/forum/show/1377192102

## Infringing file locations:

- http://www.terragalleria.com/images/np-rockles/grte25409.jpeg

Infringing images and screenshots are shown below. You can receive copies of these images via email by sending a request to infringements@higbeeassociates.com. The email must include the case number (530995) in the subject line.



# Higbee & Associates

May 07, 2019,
Re: Claim Number: 530995   FRE 408 Settlement Communication

Dear Sir or Madam,

Copyrighted work(s) owned by our client, Quang-Tuan Luong, were identified on PHISH.NET website(s) (see attached screenshots). Unfortunately, we are unable to find any record of a license for such use.  If you have a license, thank you for purchasing it.  Please provide us the details at claims@higbeeassociates.com with the claim number (530995) included. Once we receive the license, we will close the claim and apologize for the brief intrusion.

Mr. Luong is an award-winning and best-selling photographer and author. His work has been used by dozens of the world's largest media companies and was even used as a US Postage Stamp. His living depends on people properly licensing his work.  The unauthorized use of our client's work deprives them of income and causes them to incur substantial costs in detection and enforcement.

If PHISH.NET does not have a license, we believe the use of the work is a violation of The Copyright Act, Title 17 of the United States Code.  My client has no desire to put you through any of the following, but I have an obligation to caution you about the seriousness of the matter.  If forced to go to court to resolve the matter, my client will ask for the maximum justifiable damages.  My client may also ask the court to order PHISH.NET to pay their attorneys fees and court costs.  Copyright lawsuits can result in judgments, wage garnishments and liens on property.  In some instances, the business owner can be held individually liable.  Please see the enclosed relevant section of the law and sources of additional information.

Quang-Tuan Luong would prefer to resolve this matter outside of court and is willing to offer a complete release of all liability associated with this image for $2500.   This offer is made based on rather limited information available to Quang-Tuan Luong.

If you think this amount is disproportionate to the facts, please provide us with details about how long you used the work, the size of your business, any other ways the work was used, and any other details you deem relevant.  Also provide a counteroffer for us to provide to Quang-Tuan Luong.  We can be reached by email at claims@higbeeassociates.com or by phone at 800-716-1245.  You may also wish to have an attorney contact us.

The overwhelming majority of these types of claims get resolved in a fair and efficient manner.  However, without your cooperation, our only option is to litigate the matter, which we frequenlty do, so please do not make the mistake of ignoring this.  If this matter is litigated, the demand amount will likely quadruple or more, and then you will likely also have to pay attorneys fees.  If you have general business liability insurance, you may wish to contact your provider.

**If we do not hear from you within 10 days, we will assume that you do not have a license and that you do not want to resolve this matter outside of court.**

If you wish to simply resolve this claim without contacting us, you can view details of the claim and make a payment at the URL provided.

# Higbee & Associates

A NATIONAL LAW FIRM

To resolve this matter efficiently and amicably out of court, please follow these steps:

(1) Within five business days after receipt of this letter, remove all occurrences of the image from your website(s), cease using it in any way, and confirm in writing that you have done so.

**AND**

(2) Within seven business days after receipt of this letter, return to our firm the attached Release License, along with your payment of **$2500** made payable to **Higbee & Associates Client Trust Account**. This can be returned to us via US Mail. You can also pay over the phone or online at http://copyright.higbeeassociates.com/resolution.  Your login is 530995. Your password is rgbhxirl. If you choose to make your payment online, you can return the Release License via email to claims@higbeeassociates.com. Please include the case number (530995) in the subject line.

Please feel free to call or email us to discuss this matter, 800-716-1245 or send an email to claims@higbeeassociates.com

Sincerely,

Mathew K. Higbee
Attorney at Law

# Higbee & Associates

## EXHIBIT A



## Infringing webpages:

- https://forum.phish.net/forum/show/1377192102

## Infringing file locations:

- http://www.terragalleria.com/images/np-rockies/grte25409.jpeg

Infringing images and screenshots are shown below. You can receive copies of these images via email by sending a request to infringements@higbeeassociates.com. The email must include the case number (530995) in the subject line.



# EXHIBIT B

### RELEASE AND SETTLEMENT AGREEMENT

This RELEASE AND SETTLEMENT AGREEMENT ("Agreement") is entered into on March 21, 2019 ("Effective Date") by and between Quang-Tuan Luong("RELEASOR") and The Mockingbird Foundation, Inc. ("RELEASEE") (the "Parties" or individually the "Party").

The Parties agree as follows:

1. The Parties acknowledge and agree that this Agreement is made in resolution to the RELEASEE's alleged unlicensed use of image(s) referenced in the Exhibit(s) below ("Images").

2. RELEASOR hereby represents and warrants that it has the exclusive rights in the settlement and resolution of the claims related to the alleged unlicensed use of the copyrighted Images.

3. In consideration of the release and other consideration granted herein, RELEASEE will pay to RELEASOR the sum of $2,500.00 by March 21, 2019. Upon Payment in full, RELEASOR will release RELEASEE form all copyright claims arising out of the use of the Images through the Effective Date.

4. Payment shall be made payable to "Higbee & Associates Client Trust Account" and delivered to 1504 Brookhollow Dr., Suite 112, Santa Ana, CA 92705. Payment may also be made online at http://copyright.higbeeassociates.com/resolution

### ADDITIONAL TERMS AND CONDITIONS

5. Except for the agreements, obligations, and covenants arising under this Agreement, the Parties will release the other party from any and all claims arising from the use of the Images.

6. The Parties acknowledge that all terms of this Agreement are supported by legally sufficient consideration so as to make this Agreement binding and valid.

7. The terms of this Agreement are confidential; provided however, that each Party may disclose the terms of this Agreement, as necessary to enforce its terms, in response to valid legal process or as otherwise required by law, and/or to its financial advisors and/or legal advisors.

8. The Parties warrant that they have read and understand the provisions of this Agreement and have full authority to execute and consummate the transactions contemplated by this Agreement.

9. This Agreement may not be modified or amended except by written agreement, signed by all Parties.

10. This Agreement, along with its terms and conditions will be binding upon and inure to the benefit of each of the Parties and to their heirs, executors, administrators, successors in interest and assigns.

11. The Parties acknowledge that if any provision or application of this Agreement is held invalid or unenforceable then any such provision will be deemed severed from this Agreement and the remaining provisions and applications of this Agreement will not be affected, but will remain valid and enforceable.

12. This Agreement will be governed by and construed in accordance with the laws of the State of California, without regard to conflict of law principles, notwithstanding the fact that one or more counterparts hereof may be executed outside of such state, or one or more of the obligations of the Parties hereunder are to be performed outside of such state. Any suit, action or proceeding to determine, construe or enforce any provision of this Agreement, or the rights of any party hereunder, will be brought in the State of California, and the Parties agree that jurisdiction will lie therein.

13. If a suit, action, arbitration or other proceeding of any nature whatsoever is instituted in connection with any controversy arising out of this Agreement, or to interpret or enforce any rights under this Agreement, the prevailing party is entitled to recover reasonable costs and attorney's fees from the other party.

Case number: 530995                                   Printed: March 21, 2019 10:46

14.  Payments that are received more than 5 calendar days late will be accessed a $40 late fee. Additionally, an interest rate based on a 15% annual will be charged on overdue balances after 30 days.

15. This Agreement constitutes and contains the entire agreement between the Parties with respect to the alleged unlicensed use referred to in this Agreement and there are no other agreements, understandings or representations with respect to this subject matter, which are not expressly set forth herein.

16. This Agreement can be signed in counterparts.

_____

Sir or Madam
On Behalf of
RELEASEE(s)The Mockingbird
Foundation, Inc.

_____

Date

_____

Mathew K. Higbee, Esq.
on Behalf of Licensor(s)
Quang-Tuan Luong

March 21, 2019
_____
Date

# EXHIBIT C

# Higbee & Associates

July 9, 2019

**SENT VIA FIRST-CLASS MAIL**

Re: Quang-Tuan Luong - v. Ellis Goddard d/b/a phish.net - Our Case No.
530995

Dear Sir or Madam:

Higbee & Associates has been retained to represent Quang-Tuan Luong in
regards to 530995 copyright infringement under Title 17 of the United States
Code.

Ellis Goddard d/b/a phish.net engaged in copyright infringement when it posted
our client's copyrighted image on its website without a valid licensing
agreement. We have attempted to settle this matter to no avail. Please see the
enclosed Complaint and Exhibits for further information.

Our client is entitled to recover Statutory damages of up to $150,000 for each
infringement and may also recover **attorney fees and court costs**. See 17
U.S.C. §§ 504 & 505.

In an effort to keep costs down, our client is willing to accept a firm settlement
of $2,500 to resolve this matter amicably and avoid litigation. This offer will be
open for fifteen (15) days from the date of this letter, after which our client has
instructed us to file the enclosed Complaint and seek damages to the full extent
of the law.

If you have questions you may contact us at (657) 229-6215 or (800) 716-
1245.

Sincerely,

*Mathew K Higbee*

Mathew K. Higbee
Attorney at Law
infringements@higbeeassociates.com

Enclosure(s)

Claim number: 530995

Mathew K. Higbee (SBN #241380)
mhigbee@higbeeassociates.com
LAW FIRM OF HIGBEE & ASSOCIATES
1504 Brookhollow Suite 112
Santa Ana, CA 92705
714-617-8350
714-597-6729 facsimile
Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## DIVISION OF LOS ANGELES

| | |
|---|---|
| Quang-Tuan Luong | **CASE NO** |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v: | **DEMAND FOR JURY TRIAL** |
| Ellis Goddard d/b/a phish.net | |
| Defendant. | |

Plaintiff, Quang-Tuan Luong, for their Complaint against Ellis Goddard d/b/a phish.net, Defendant, alleges as follows:

### INTRODUCTION

1. Quang-Tuan Luong (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Ellis Goddard d/b/a phish.net (hereinafter "Defendant"), with regard to the unlawful use of a copyrighted image (hereinafter "Image") owned by Plaintiff, and this conduct caused Plaintiff damages.

2. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendant violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. § 106.

4. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant is a business entity incorporated in the State of California Defendant's acts of infringement complained of herein occurred in the State of California, and Defendant has caused injury to Plaintiff in his intellectual property within the State of California.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant committed the acts of infringement and has a regular and established place of business in this judicial district.

## PARTIES

7. Plaintiff is a natural person and is a professional photographer by trade.

8. Plaintiff is a "copyright owner" who holds "exclusive rights" to the "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101 and 106.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a business entity operating in the City of Moorpark, in the State of California, and conducted business within the City of Moorpark, in the State of California.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant unlawfully published Plaintiff's copyrighted works without Plaintiff's express or implied authority, by the method of a license.

## FACTUAL ALLEGATIONS

11. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant was a business entity residing within the State of California.

12. Plaintiff is a well-known professional photographer. They sell or license their photographs to people and companies seeking to make use of the

photographs for advertisements and pecuniary gain. Plaintiff's livelihood is dependent on receiving compensation for the photographs they produce.

13. Plaintiff took the original image, see Original Image(s) attached hereto as Exhibit A.

14. Plaintiff has ownership rights and copyrights to the Image(s).

15. Plaintiff has registered the Image(s) with the United States Copyright Office under registration number(s) VA 1-220-592, see Registration Certificate(s) attached hereto as Exhibit B.

16. Plaintiff did not consent to authorize, permit, or allow in any manner the use of the Image by Defendant.

17. Plaintiff is informed and believes that Defendant used Plaintiff's copyrighted works without their permission and that it published, communicated, benefited through, posted, publicized and otherwise held out to the public, the original and unique work of Plaintiff without Plaintiff's consent or authority.

18. Plaintiff is informed and believes that Defendant used the Image on Defendant's website from as early as April 1, 2019, see Screenshots of Defendant's use attached hereto as Exhibit C.

19. Defendant uses the Image to promote the Defendant's website.

20. Plaintiff did not consent to the use of their Image.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### Title 17 of the United States Code

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

23. Plaintiff is informed and believes and thereon alleges that said Defendant breached Title 17 of the U.S. Code in that it published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

24. As a result of each and every Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b) or statutory damages in an amount up to $150,000.00 if willful or up to $30,000.00 if unintentional pursuant to 17 U.S.C. § 504.

25. As a result of the Defendant's violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C §505 from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant
- Awarding statutory damages pursuant to 17 U.S.C. § 504(c) or actual damages
pursuant to (504)(b).
- Awarding costs of litigation and reasonable attorney's fees, pursuant to 17
U.S.C. § 505;
- Enjoining the Defendant from further infringement of all copyrighted works
of the Plaintiff pursuant to 17 U.S.C. § 502(a); and
- Providing such other and further relief the Court deems just and proper under
the circumstances.

**Dated:** _____

Respectfully submitted,

/s/ Mathew K. Higbee
Mathew K. Higbee, Esq.
CA License # 241380
HIGBEE & ASSOCIATES
1504 Brookhollow Dr, Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
FAX (714) 597-6729
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Quang-Tuan Luong, hereby demands a trial by jury in the above matter.

**Dated:** _____

Respectfully submitted,

/s/ Mathew K. Higbee
Mathew K. Higbee, Esq.
CA License # 241380
HIGBEE & ASSOCIATES
1504 Brookhollow Dr, Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
FAX (714) 597-6729
*Attorney for Plaintiff*

# EXHIBIT A1
## ORIGINAL IMAGE



# EXHIBIT B1
## Copyright Registration Certificate

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-220-592**

EFFECTIVE DATE OF REGISTRATION

| Month | Day | Year |
| 1 | 16 | 04 |

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

Title of This Work ▼                                      NATURE OF THIS WORK ▼ See instructions

**Quang-Tuan Luong 2002 Web**

Previous or Alternative Titles ▼    **Group Registration / Photos - 3,886 photographs**

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give    Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

NAME OF AUTHOR ▼                                   DATES OF BIRTH AND DEATH
                                                   Year Born ▼    Year Died ▼

**Quang-Tuan Luong**                               **1964**

Was this contribution to the work a "work made for hire"?    Author's Nationality or Domicile    Was This Author's Contribution to the Work
☐ Yes                                              Name of Country                              Anonymous?   ☐ Yes  ☒ No    If the answer to either
☒ No                                        OR {  Citizen of **France**                         Pseudonymous? ☐ Yes  ☒ No   of these questions is
                                                  Domiciled in **USA**                                                     "Yes," see detailed instructions

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map               ☐ Technical drawing
☐ 2-Dimensional artwork      ☒ Photograph         ☐ Text
☐ Reproduction of work of art ☐ Jewelry design    ☐ Architectural work

---

Name of Author ▼                                   Dates of Birth and Death
                                                   Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?    Author's Nationality or Domicile    Was This Author's Contribution to the Work
☐ Yes                                              Name of Country                              Anonymous?   ☐ Yes  ☐ No    If the answer to either
☐ No                                        OR {  Citizen of _____                            Pseudonymous? ☐ Yes  ☐ No   of these questions is
                                                  Domiciled in _____                                                       "Yes," see detailed instructions

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map               ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph         ☐ Text
☐ Reproduction of work of art ☐ Jewelry design    ☐ Architectural work

NOTE
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

---

Year in Which Creation of This Work Was Completed    Date and Nation of First Publication of This Particular Work
**2002**    This information must be given in all cases.    Complete this information ONLY if this work has been published.    Month **11/10  12/1**    Day    Year **2002**
                                                            **USA**                                                                      Nation

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

**Quang-Tuan Luong**

**3159 Ravenswood way   San Jose CA 95148**

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

APPLICATION RECEIVED
**JAN 16 2004**
ONE DEPOSIT RECEIVED
**JAN 16 2004**
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

See instructions before completing this space.

---

MORE ON BACK ▶    • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.    DO NOT WRITE HERE
                  • See detailed instructions.    • Sign the form at line 8.    Page 1 of ___ pages

# EXHIBIT C1

## Screenshots of Defendant's Use



